IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNARD LEE DAVIS,

    Plaintiff,                    No. CIV S-04-0821 LKK KJM P

    vs.

M. KNOWLES, et al.,             ORDER AND

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On July 24, 2006, defendants Attygalla, Cassim, Cook, Deliberto, Hooper, Howard, King, Knowles, Lopez, O'Brian, Penner and Turella filed a motion to dismiss arguing that plaintiff failed to exhaust administrative remedies with respect to some of plaintiff's claims.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

1

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

The defendants who brought the motion to dismiss assert that plaintiff has failed to exhaust administrative remedies with respect to his claims against defendants Attygalla, Cassim, Deliberto, Hooper, Howard, King, Knowles, Lopez, O'Brian, Penner and Turella. The allegations in plaintiff's second amended complaint pertaining to these defendants and concerning events that occurred before this action was filed on April 23, 2004 are as follows:

1. Defendants Attygalla, Deliberto and Cassim denied plaintiff access to an orthopedic specialist on or about July 8, 2003. Second Am. Compl. at 9:26-10:8.[1]

2. On September 3, 2003, defendants Attygalla, Deliberto and Cassim transferred plaintiff to another prison, which resulted in plaintiff being denied medical care. Id. at 10:9-17.

3. On or about February 4, 2004, defendants Attygalla and Deliberto denied plaintiff surgery on plaintiff's finger. Id. at 14:9-19.

/////

/////

---

[1] Page references are to those appearing at the top of a page and assigned by the court's electronic filing system, rather than to the handwritten numbers at the bottom of the page.

4. On February 19, 2004, plaintiff was transferred to another prison by defendants Attygalla and Deliberto, which resulted in plaintiff being denied surgery on his finger. Id. at 14:20-28.

5. On February 19, 2004, defendant Penner informed plaintiff that plaintiff would not receive the surgery previously ordered because plaintiff is a "felon." Id. at 15:20-16:9. Penner also informed plaintiff that he would provide misinformation to others in order to impede plaintiff's having surgery on his finger. Id. at 16:10-15.

6. On March 31, 2004, plaintiff informed defendants O'Brian, Hooper, Turella, Howard and Knowles of his need for surgery. All of these defendants denied plaintiff surgery. Id. at 16:21-17:13.

The court will recommend that any other claims against the defendants bringing the July 24, 2006 motion to dismiss that are based on events occurring after this action was filed on April 23, 2004 be dismissed. See id. at 17-29. Such claims could not have been exhausted before filing suit. 42 U.S.C. § 1997e(a).

The evidence of record discloses that plaintiff completed the grievance process two times before this action was filed–meaning he received a Director's Level Decision–with respect to grievances related to treatment for his broken finger.[2] See Decl. of Tom Emigh, Exs. B & C. The first grievance, Exhibit B, concerns events that occurred before July 8, 2003.

/////

---

[2] In his opposition, plaintiff presents evidence indicating that he filed a grievance on December 29, 2003 concerning a correctional officer not a party to the pending motion who had been denying plaintiff access to a doctor; while the grievance makes a passing reference to general complaints about the CSP-LAC medical department, it provides no more detail about such complaints. Opp'n, Ex. 8. It appears this grievance was "granted" by defendants Deliberto and Attygalla on February 4, 2004 in that those defendants indicated that plaintiff had by that time already seen a doctor. Id. at 3. Plaintiff asserts he did not pursue this grievance further because the grievance had been granted. Opp'n at 8:21-9:16. Whether or not plaintiff exhausted administrative remedies with respect to any claims presented in the grievance attached to plaintiff's opposition as exhibit 8 is immaterial here, because that grievance does not address any of the specific claims addressed by defendants' motion.

3

Therefore, the grievance does not serve to exhaust administrative remedies with respect to the claims identified in 1-6 above.

The second grievance, Exhibit C, was filed on November 1, 2003. Therefore, that grievance cannot serve to exhaust administrative remedies with respect to the claims identified in 3-6 above. Plaintiff does not argue that administrative remedies for these claims were unavailable. Thus, they must be dismissed.

The remaining question is whether the second grievance exhausted claims 1 and 2 above. The second grievance reads as follows:

> I am being denied medical treatment and / or surgery for my broken, dislocated and fractured left hand middle finger.
>
> I have been requesting that this medical problem be treated at each institution I have been in . . . Here at C.M.C., on 9-9-03, I was scene [sic] by the Doctor . . . however I have still not had the medical surgery.

Decl. of Tom Emigh, Ex. C at 2. When asked on the grievance form what action plaintiff requested as a result of his grievance, plaintiff responded:

> To have my injured, broken, dislocated and fractured middle finger  treatment. . .[sic]

Id. In his second amended complaint, plaintiff alleges defendants Attygalla, Deliberto and Cassim were employed at California State Prison Los Angeles County (CSP-LAC) during the time periods relevant to his causes of action. Second Am. Compl. at 4.

With respect to the level of specificity required in a prisoner grievance in order for the court to find that administrative remedies have been exhausted with respect to a particular claim, the Supreme Court recently has held that the prisoner need not always identify the particular defendants to his claim in the grievance. Jones v. Bock, No. 05-7058, 2007 WL 135890, at *19 (Jan. 22, 2007). Previously, in Irvin v. Zamora, 161 F. Supp. 2d 1125, 1135 (S.D. Cal. 2001), the United States District Court for the Southern District of California recognized that the basic premise of the exhaustion requirement is to put prison officials on

notice of any potential § 1983 claims.  Jones confirms the fundamental notice purpose of exhaustion, to the extent consistent with what an administrative grievance procedure requires. See Jones, 2007 WL 135890, at *18 (benefits of exhaustion include allowing a prison to address complaints before being subjected to suit).

At a minimum, then, the actions forming the basis of a lawsuit must somehow be brought to the attention of corrections officials before the court may deem administrative remedies exhausted.  This kind of notice was not provided in this case.  In the grievance filed November 1, 2003, the only language that even possibly addresses the conduct of defendants Attygalla, Deliberto and Cassim is plaintiff's indication that he had requested treatment for his finger at each institution where plaintiff resided.  Plaintiff does not mention the conduct of Attygalla, Deliberto and Cassim in his grievance, which plaintiff now alleges forms the basis of his claims against them.  Had plaintiff grieved the fact that he was denied access to an orthopedic specialist on or about July 8, 2003 and that he had been transferred to another prison on September 3, 2003 resulting in a denial of medical care, administrative remedies might have been exhausted with respect to the claims identified as numbers 1 and 2 above.  See page 2 supra.  As it stands, the court cannot find that correctional officials were put on notice of the conduct described in 1 and 2 simply because plaintiff indicated he had been denied treatment for his finger at every institution where plaintiff resided.

In light of the foregoing, the court will recommend that plaintiff's claims against defendants Attygalla, Cassim, Deliberto, Hooper, Howard, King, Knowles, Lopez, O'Brian, Penner and Turella be denied for plaintiff's failure to exhaust administrative remedies with respect to those claims prior to filing suit.

In their motion to dismiss, defendants also argue that this entire action, including the remaining claims against defendant Cook, must be dismissed because plaintiff did not exhaust administrative remedies with respect to some of his claims.  Mot. at 10:23-27.  The Supreme Court has rejected this argument in Jones.  Jones, 2007 WL 135890, at *23.

Finally, the court notes that plaintiff has filed a third amended complaint. However, plaintiff did not file a motion providing a legal basis for leave to amend. Accordingly, the court will order that plaintiff's third amended complaint be placed in the court's file and disregarded.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's "third amended complaint" filed December 29, 2006 shall be placed in the court's file and disregarded.

IT IS HEREBY RECOMMENDED that:

1. The July 24, 2006 motion to dismiss filed by defendants Attygalla, Cassim, Cook, Deliberto, Hooper, Howard, King, Knowles, Lopez, O'Brian, Penner and Turella be granted in part and denied in part as follows:

    A. Granted with respect to plaintiff's claims against defendants Attygalla, Cassim, Deliberto, Hooper, Howard, King, Knowles, Lopez, O'Brian, Penner and Turella, thereby dismissing them without prejudice from this action; and

    B. Denied in all other respects.

2. Defendant Cook be ordered to file his answer within twenty days of an order adopting the above findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////
/////
/////

1 shall be served and filed within ten days after service of the objections. The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4 DATED: January 24, 2007.

_____
U.S. MAGISTRATE JUDGE

9 1/davi0821.57

7