1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNARD LEE DAVIS,

11           Plaintiff,                    No. CIV S-04-0821 LKK KJM P

12       vs.

13   M. KNOWLES, et al.,

14           Defendant.              ORDER AND

15   _____/   FINDINGS AND RECOMMENDATIONS

16           Plaintiff is a state prisoner proceeding pro se with an action for violation of civil

17   rights under 42 U.S.C. § 1983.  Three matters are before the court.

18   1. September 25, 2006 Motion To Dismiss

19           Defendants Baumgardner, Grannis, Hodge-Wilkins, Meyers, Porter, Stocker and

20   Yarborough (collectively "defendants") argue that they should be dismissed because plaintiff

21   failed to exhaust administrative remedies with respect to his claims against them prior to filing

22   suit.

23           A motion to dismiss for failure to exhaust administrative remedies prior to filing

24   suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

25   1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial

26   remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

1

1  1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

2  the proper remedy is dismissal of the claim without prejudice.  Id.

3         The exhaustion requirement is rooted in the Prison Litigation Reform Act, which

4  provides that "[n]o action shall be brought with respect to prison conditions under section 1983

5  of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C.

6  § 1997e(a).  California Department of Corrections (CDC) regulations provide administrative

7  procedures in the form of one informal and three formal levels of review to address plaintiff's

8  claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are

9  exhausted once a prisoner has received a "Director's Level Decision," or third level review, with

10  respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed

11  before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him;

12  exhaustion during the pendency of the litigation will not save an action from dismissal.

13  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of

14  proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert.

15  denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

16         In his second amended complaint, plaintiff complains about lack of medical

17  treatment for an injured finger.  The actions alleged in the complaint that occurred before this

18  action was filed on April 23, 2004, and which form the basis of a claim upon which relief can be

19  granted, are as follows:

20         1. Plaintiff was transferred by Yarborough and Baumgardner on September 3,

21  2003, which resulted in plaintiff being denied medical care.  Second Am. Comp1. at 3:16-4:17.[1]

22         2. On October 1, 2003, defendants Hodge-Wilkins and Grannis upheld a decision

23  through the inmate grievance process to deny plaintiff treatment on his injured finger.  Id. at 3:5-

24  14.

25

---

26     [1] Page references are to the numbers at the bottom of the narrative complaint attached to the form complaint.

1          3. Defendant Meyers transferred plaintiff on November 20, 2003, which resulted

2  in plaintiff being denied treatment for his finger.  Id. at 6:13-6:21.

3          4.  Yarborough and Baumgardner transferred plaintiff yet again on February 19,

4  2004, which resulted in plaintiff being denied medical treatment.  Id. at 8:20-9:18.

5          5. On April 9, 2004, defendants Stocker and Grannis upheld the denial of

6  plaintiff's grievance regarding the lack of treatment for plaintiff's finger and the transfer that

7  resulted in plaintiff being denied treatment.  Id. at 7:5-13.

8          To the extent plaintiff has otherwise colorable claims that arose from events that

9  occurred after this action was filed on April 23, 2004, plaintiff's claims must be dismissed

10  because plaintiff could not have exhausted administrative remedies with respect to those claims

11  prior to filing suit.  42 U.S.C. § 1983.  For this reason, the court will recommend that defendant

12  Porter be dismissed.  See Second Am. Compl. at 12.

13          The evidence submitted by defendants shows that plaintiff completed the

14  grievance process two times before this action was filed – meaning he received a Director's

15  Level Decision – with respect to grievances related to medical treatment for his finger.  See Decl.

16  of Tom Emigh, Exs. B & C.  Plaintiff does not identify any moving defendant in either

17  grievance,[2] and he does not complain in the grievances that his being transferred resulted in the

18  denial of medical care.  For these reasons and because in the instant complaint the only viable

19  claims against Yarborough, Baumgardner and Meyers are that they were responsible for denial of

20  treatment, the court will recommend that these defendants be dismissed.

21          Plaintiff's claims concerning the remaining defendants -- Hodge-Wilkins, Grannis

22  and Stocker -- arise from actions taken by them during the "Director's Level" review of the

23  inmate grievance process.  Plaintiff never specifically challenged their conduct through the

24  

---

25     [2] Although defendant Cook is named in the grievance attached as Exhibit B, Cook is not
covered by the instant motion; rather he has answered the complaint and the case against him is
26  proceeding.

1    grievance process, but, to have done so, plaintiff would have had to start the process all over

2    again because the "Director's Level" is the final level of review.

3              However, as noted in Irvin v. Zamora, 161 F. Supp. 2d 1125, 1134-35 (S.D. Cal.

4    2001), the basic purpose of the exhaustion requirement is to put prison officials on notice of

5    conduct that forms the basis of federal claims before those claims are submitted in a complaint.

6    See also Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 923 (2007).  In this case, defendant

7    Grannis is the individual selected by the California Department of Corrections and Rehabilitation

8    (CDCR) to receive notice at the "Director's Level" of conduct that could result in the filing of a

9    complaint.  It is fair to assume Grannis is aware of her own conduct and the conduct of those

10   who directly assist her, including Stocker and Hodge-Wilkins.  Because Grannis, Stocker and

11   Hodge-Wilkins were put on notice of plaintiff's claims by virtue of their positions, the

12   exhaustion requirement has been met with respect to plaintiff's claims against them.

13   2.  Plaintiff's October 31, 2006 "Motion For Authentication Of Business Record"

14             Plaintiff asks that the court deem certain medical records "authenticated."  This is

15   not a proper request at this stage of the case, as the records are not relevant to a pending motion;

16   the request will be denied.  Plaintiff also has asked that his medical records be filed under seal.

17   However, plaintiff has not followed the proper procedure for seeking the sealing of documents.

18   In the future, if plaintiff wishes to have documents filed under seal, he should refer to Local Rule

19   39-141.  If plaintiff would like the documents attached to his October 31, 2006 motion removed

20   from the court's record, he may file a request to this effect with the court.

21   3.  Plaintiff's November 16, 2006 Request For A Temporary Restraining Order

22             While it is not entirely clear, it appears plaintiff seeks an order directing CDCR

23   officials to refrain from housing plaintiff in a cell with another inmate.  Mot. at 3:1-13.  Plaintiff

24   establishes no cause for such an order.  Whether plaintiff is housed in the same cell as another

25   inmate is not an issue raised by plaintiff's second amended complaint.  The court will

26   recommend that plaintiff's motion be denied.

1    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's October

2  31, 2006 "motion for authentication of business records" is denied.

3    IT IS HEREBY RECOMMENDED that:

4    1.  The September 25, 2006 motion to dismiss filed by defendants Baumgardner,

5  Grannis, Hodge-Wilkins, Meyers, Porter, Stocker and Yarborough be granted in part and denied

6  in part as follows:

7        A.    Denied as to plaintiff's Eighth Amendment claims against

8             defendants Grannis and Hodge-Wilkins concerning events

9             occurring on and around October 1, 2003;

10       B.    Denied as to plaintiff's Eighth Amendment claims against

11            defendants Grannis and Stocker concerning events occurring on

12            and around April 9, 2004; and

13       C.    Granted in all other respects thereby dismissing defendants

14            Baumgardner, Meyers, Porter and Yarborough from this action.

15   2.  Defendants Grannis, Hodge-Wilkins and Stocker be ordered to file their

16 answer within twenty days of an order adopting the foregoing findings and recommendations.

17   3.  Plaintiff's November 16, 2006 request for a temporary restraining order be

18 denied.

19   These findings and recommendations are submitted to the United States District

20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21 days after being served with these findings and recommendations, any party may file written

22 objections with the court and serve a copy on all parties.  Such a document should be captioned

23 /////

24 /////

25 /////

26 /////

5

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten days after service of the objections.  The parties are advised

3  that failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  August 7, 2007.

_____
U.S. MAGISTRATE JUDGE

1
davi0821.57(a)