IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNARD LEE DAVIS,

    Plaintiff,                    No. CIV S-04-0821 LKK KJM P

  vs.

M. KNOWLES, et al.,

    Defendants.            ORDER

_____/

       Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Three matters are before the court, and another warrants the court's attention.

1. <u>Plaintiff's January 11, 2008 Motion To Compel</u> (Docket No. 100)

       Plaintiff asks the court to compel defendants to provide further responses to plaintiff's request to produce documents, set number three, requests numbers 1 through 5.[1]

---

[1] Defendants, in their opposition to plaintiff's motion to compel, argue that plaintiff's motion should be summarily denied because "plaintiff has not met and conferred with defendants' counsel as required by Rule 37." <u>See</u> Opp'n (docket no. 102) at 1. While meet and confer obligations are outlined in Local Rule 37-251, defendants' counsel has failed to take proper notice of paragraph 5 of this court's discovery order in this prisoner case, which provides ". . . unless otherwise ordered, Local Rule 37-251 shall not apply." <u>See</u> Order filed Oct. 12, 2007 (docket no. 90) at 2. The objection on Rule 37 grounds is not well taken.

1

In requests 1, 2 and 4 plaintiff asks for production of some of his medical records. In a letter dated January 17, 2008, the Attorney General's office notified plaintiff that defendants had no right to access plaintiff's medical records without plaintiff's consent, but offered to have the documents produced directly to plaintiff once plaintiff signs an "Authorization for Release of Medical Treatment Records." See Docket No. 107. Plaintiff has since signed and returned the authorization to the Attorney General's office, and been provided with his medical records. See Def'ts' May 20, 2008 "Notice of Partial Opposition to Plaintiff's Motion For Continuance . . ." Accordingly, plaintiff's motion to compel is moot with respect to requests 1, 2 and 4.

In request no. 3, plaintiff seeks documents detailing North Kern State Prison policies regarding holding prisoners at that facility pending medical treatment. In response to request no. 3, defendants state that all the documents detailing all relevant policies and procedures have been produced. Plaintiff responds that the policies produced are general in nature and speculates that prison-specific policies must exist and are not being produced. However, other than plaintiff's speculation, nothing in the record suggests defendants are being evasive in their response. Defendants will not be ordered to respond further to document request no. 3.

Request no. 5 is not a document request, but a restatement of a part of the court's discovery order dated October 12, 2007, setting the period of time for responding to discovery once another party propounded it. It does not require a response from the defendants.

In light of the foregoing, plaintiff's January 11, 2008 motion to compel will be denied.

2. Plaintiff's March 25, 2008 Motion For Leave To Conduct More Discovery (Docket No. 108)

Plaintiff seeks a ninety-day extension of time to propound more discovery requests upon defendants. In the court's October 12, 2007 scheduling order, the court set February 8, 2008 as the deadline for parties to conduct discovery and indicated that all requests for discovery as provided by Federal Rules of Civil Procedure 31, 33, 34 or 36 had to be served

no later than sixty days prior to that date.  Plaintiff fails to show cause for delaying his request for an extension of time until approximately three and a half months after the deadline set by the court.  His request for an extension of time will be denied.

3. <u>Plaintiff's April 25, 2008 Motion For An Extension Of Time</u> (Docket No. 118)

      Plaintiff seeks an extension of time to respond to defendants' motion for summary judgment.  Good cause appearing, plaintiff will be granted thirty days within which to file his opposition to defendants' motion for summary judgment.  To the extent plaintiff seeks leave to conduct more discovery in his April 25 request, his request is denied for the same reasons stated above.

4. <u>Notice To Plaintiff Regarding Excessive Docket Filings</u>

      Plaintiff is hereby cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined he has made excessive docket filings in a pending action.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990).

      The court refers specifically to plaintiff's filing of four sets of interrogatories and one set of requests for production of documents, filed in contravention of Local Rules 33-250 and 34-250.[2]  <u>See</u> Docket numbers 101, 103, 104, 105 & 120.  Plaintiff is cautioned that should he continue to file unnecessary documents in this action, the court will consider the imposition of sanctions, including restricted court access or dismissal of the action.

      In this instance, court will direct the Clerk of the Court to strike the improperly filed documents from the case docket.

/////

/////

/////

---

[2] Local Rules 33-250(c) and 34-250(c) provide, in pertinent part, that interrogatories and requests for production of documents ". . . shall not be filed with the Clerk until there is a proceeding in which [the interrogatories or requests for production are] at issue," and ". . . only [those parts] that [are] in issue shall be filed."

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 11, 2008 motion to compel (docket no. 100) is denied.

2. Plaintiff's March 25, 2008 motion for modification of the scheduling order (docket no. 108) is denied.

3. Plaintiff's April 25, 2008 request for an extension of time to respond to defendants' motion for summary judgment (docket no. 118) is granted. Plaintiff's opposition to defendants' motion for summary judgment shall be filed no later than thirty days from the date of this order. In all other respects, plaintiff's April 25, 2008 motion is denied.

4. The Clerk of the Court is directed to strike docket numbers 101, 103, 104, 105 and 120 from the docket of this case.

DATED: December 3, 2008.

_____
U.S. MAGISTRATE JUDGE

1/ar
davi0821.mtc